# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHIRLEY L. PHELPS-ROPER, ) | CASE NO. 4:09CV3268 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | & ORDER |
| DAVE HEINEMAN, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Evidentiary Objections to Plaintiff's Evidence for Preliminary Injunction (Filing No. 105) filed by Defendants Dave Heineman and Jon Bruning (the "State Defendants"). The Court has carefully reviewed Plaintiff's evidence (Filing No. 7), the State Defendants' objections, and Plaintiff's response (Filing No. 110). The Court concludes that the State Defendants' objections should be sustained as to evidence that Plaintiff acknowledges to be irrelevant to the remaining issues. The objections otherwise are preserved for the record, but will be overruled for purposes of the Court's consideration of the pending Motion for Preliminary Injunction.

## BACKGROUND

Plaintiff filed her Complaint and Motion for Preliminary Injunction on December 30, 2009, together with an index of evidence in support of her motion. (Filing Nos. 1, 5, and 7.) Plaintiff filed her First Amended Complaint on January 20, 2010 (Filing No. 17). On February 23, 2010, the Court granted a motion to continue the hearing on the preliminary injunction until it could rule on several motions to abstain and dismiss. (Filing No. 46.) On April 29, 2010, the Court dismissed some defendants and claims included in the Plaintiff's Amended Complaint. (Filing No. 93.) The Plaintiff's remaining claims challenge the constitutionality of the Nebraska Funeral Picketing Law ("NFPL")[1] facially and as applied.

---

[1] Neb Rev. Stat. §§ 28-1320.01 - 28-1320.03 (Reissue 2008).

The Court scheduled a hearing on the Motion for Preliminary Injunction on the Plaintiff's remaining claims for May 10, 2010. (Filing No. 95.) Shortly before the hearing, the State Defendants filed several objections to the evidence submitted by the Plaintiff in support of her motion. (Filing No. 105.) At the hearing, the Court reserved ruling on the objections, and gave Plaintiff an opportunity to file a written response. The Court also set a briefing schedule and took the matter under advisement. (*See* filing No. 108.)

## DISCUSSION

**1.    Inapplicable Evidence**

In her written response, the Plaintiff has indicated that several evidentiary statements and materials are not relevant to her NFPL challenges. Accordingly, the State Defendants' objections will be sustained as to that evidence and the Court will not consider it in determining whether a preliminary injunction should issue.

**2.    Remaining Evidence**

The remaining objections are preserved for the record, but will be overruled for purposes of the Court's consideration of the Motion for Preliminary Injunction. Due to the "[f]unctional and procedural differences between preliminary and permanent injunctions . . . 'a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.'" *Olin Water Servs. v. Midland Research Labs., Inc.*, 774 F.2d 303, 308 (8th Cir. 1985) (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395-96 (1981)). Because the procedures are less formal, a court may rely on evidence that would be otherwise inadmissible under the Federal Rules of Evidence, including hearsay. *Dexia Credit Local v. Rogan*, No. 08-3500, 2010 WL 1643756 at *5 (7th Cir. April 26, 2010); *Attorney Gen. of Okl. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009); *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009);

*Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993).

The questionable reliability of certain evidence will be considered by the Court when it determines what weight the evidence should be given. With respect to the relevance of evidence, the Court will be better able to determine relevance when fully engaged in its analysis. For example, materials to which the State Defendants have objected on grounds of hearsay may be relevant for purposes other than proving the truth of the matter asserted. Such relevance is difficult to determine until the parties' briefs have been received and their arguments considered.

Accordingly,

IT IS ORDERED:

1. The Evidentiary Objections to Plaintiff's Evidence for Preliminary Injunction (Filing No. 105) filed by Defendants Dave Heineman and Jon Bruning are sustained in part, and the Court will not consider the following evidence when ruling on Plaintiff's Motion for Preliminary Injunction:

    a. Affidavit of Shirley Phelps-Roper ¶¶ 25-33;

    b. Affidavit of Megan Phelps-Roper ¶ 6;

    c. Attachments to Affidavit of Megan Phelps-Roper 4, 5, and 11;

    d. Affidavit of Rebekah Phelps-Davis ¶¶ 3, 11;

    e. Affidavit of Fred Phelps, Jr. ¶¶ 3, 12; and

    f. Affidavit of Jonathan B. Phelps ¶ 3.

2. Defendants' Evidentiary Objections are otherwise overruled.

DATED this 19th day of May, 2010.

> BY THE COURT:
>
> s/Laurie Smith Camp
> United States District Judge