IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHIRLEY L. PHELPS-ROPER, | ) | CASE NO. 4:09CV3268 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DAVE HEINEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiff's Motion for Reconsideration (Filing No 122) regarding the Court's orders of April 19, 2010 (Filing No. 93), and April 26, 2010 (Filing No. 95). In support of her motion, Plaintiff submitted a brief (Filing No. 123) and Index of Evidence (Filing No. 124). Defendants have not responded to Plaintiff's motion. The Court has carefully reviewed the motion, brief, and Index of Evidence and concludes that Plaintiff's Motion should be denied.

## BACKGROUND

The Court's Amended Order of April 19, 2010 (Filing No. 93) (the "Abstention Order"), and its Order of June 21, 2010 (Filing No. 116), include detailed recitations of the procedural and factual background of this case, that the Court will not repeat here. In the April 19th Order, the Court determined that it would abstain from hearing Plaintiff Shirley L. Phelps-Roper's ("Phelps-Roper") claims that could be addressed as defenses to her pending criminal charges in Sarpy County Court, including her facial challenge to the Nebraska Flag Mutilation Law, Neb. Rev. Stat. § 28-928 (Reissue 2008) (the "Flag Mutilation Statute"). The abstention was pursuant to the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 43 (1971) (holding that federal courts must dismiss suits for injunctive or declaratory relief directly relating to pending criminal proceedings, except

in the most exceptional circumstances).  In July 2010, Margy M. "Megan" Phelps-Roper ("Megan"), a relative and fellow member of the Westboro Baptist Church ("WBC"), filed a second action in this Court seeking a declaratory judgment that the Flag Mutilation Statute is unconstitutional on its face and as applied to her.[1]  *Phelps-Roper v. Bruning*, 10-CV-3131, Filing No. 1 at 13 (D. Neb. filed July 6, 2010).  Megan sought preliminary and permanent injunctive relief to prevent future enforcement of the Flag Mutilation Statute. *Id.*  On July 19, 2010, and on the stipulation of the defendants, District Judge Richard Kopf ordered a permanent injunction barring enforcement of the Flag Mutilation Statute against Megan and members of her church "so long as [Megan] and members of her church otherwise act peacefully while desecrating the American or Nebraska flag during their religiously motivated protests."  (Filing No. 124-1 at 3 ("Judge Kopf's Order").)

Phelps-Roper's instant motion argues that Judge Kopf's Order requires this Court to reconsider its decision to abstain.  Specifically, Phelps-Roper asks the Court to reconsider its decision to abstain from her facial challenge to the Flag Mutilation Statute, and to the constitutionality of her pending prosecution.  For the reasons discussed below, the Court concludes that the changed circumstances do not alter the outcome of its Abstention Order.

## STANDARD OF REVIEW

NECivR 60.1 states, "Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new

---

[1] Though both cases challenge the Nebraska Flag Mutilation Statute on its face and as-applied, Megan's claims arose out of a set of facts different from those that formed the basis for Phelps-Roper's claims in this case.

2

facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence."

## DISCUSSION

Phelps-Roper argues that reconsideration is appropriate as to her facial challenge to the Nebraska Flag Mutilation Statute, and as to the constitutional challenge to her pending prosecution. As discussed below, abstention is still appropriate as to her pending criminal charges. As to her facial challenge, abstention is no longer applicable under any of the abstention doctrines. However, Phelps-Roper and other members of her church are no longer in jeopardy of any adverse action with respect to the enforcement of the Flag Mutilation Statute, no case or controversy remains.

### I. Pending Criminal Charges

Phelps-Roper still has an adequate opportunity to challenge the constitutionality of her arrest and prosecution in state court. She argues that the prosecution pending against her is based solely on activity protected under the First Amendment, and is therefore unconstitutional. In its Abstention Order, the Court declined to address this issue because the state court can address it in Phelps-Roper's criminal proceedings. For this Court to reconsider its earlier order, it must conclude that Judge Kopf's Order obviates the state court's ability to address the constitutionality of Phelps-Roper's prosecution, or establishes that the continuing prosecution is pursued in bad faith. Judge Kopf's Order does neither.

The Court disagrees with Phelps-Roper's claim that "[t]he Nebraska state court system has had ample opportunity to state the constitutionally-obvious, but will not." (Filing No. 123 at 4.) Phelps-Roper has not shown that a Nebraska court has applied the law in a manner inconsistent with the Constitution. Additionally, she cites no state court decisions

3

that have reached the merits of her "unconstitutional arrest and prosecution" claim. This Court will not assume that Nebraska state courts are incapable or unwilling to protect Phelps-Roper's constitutional rights when given the opportunity to do so. *See Neal v. Wilson*, 112 F.3d 351, 357 (8th Cir. 1997).

The Court also concludes that no new facts or evidence demonstrate that Phelps-Roper's claims now fit within the "bad faith" exception to the *Younger* abstention doctrine. See *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). As noted in the Abstention Order, to show bad faith prosecution, a plaintiff must establish that the prosecution was undertaken solely to discourage exercise of constitutional rights, with no expectation of convictions. *Kugler v. Helfant*, 521 U.S. 117, 124 (1975); *Cameron v. Johnson*, 390 U.S. 611, 621 (1968). In other words, bad faith is not determined by the likelihood of success on the merits, but by a showing of maliciousness on the part of the prosecutor. The Flag Mutilation Statute has been permanently enjoined as applied to Megan and members of her church, of which Phelps-Roper is one, and clearly cannot be enforced against Phelps-Roper. However, Phelps-Roper has not demonstrated that the charges for disturbing the peace and negligent child abuse are dependent upon the Flag Mutilation Statute, although the facts may overlap. Phelps-Roper has not demonstrated that her prosecution is pending solely for the purpose of harassment. Therefore, she has not demonstrated bad faith and the *Younger* abstention doctrine still applies as to her claim that her prosecution is unconstitutional.

II.     **Facial Challenge**

Even if none of the abstention doctrines applies to Phelps-Roper's facial challenge to the Flag Mutilation Statute, under Judge Kopf's Order, the statute cannot be enforced

against Phelps-Roper. Accordingly, the Court is faced with the question of whether a plaintiff who is in no jeopardy that a statute will be enforced against her may nevertheless challenge the constitutionality of the statute on its face. *See Steffel v. Thompson*, 415 U.S. 452, 475 (1974) (stating that federal injunctive and declaratory relief may be available when no state prosecution is pending *and a plaintiff demonstrates a genuine threat of enforcement*) (emphasis added). Though Phelps-Roper appears to have met the requirements for standing,[2] her facial challenge is nevertheless moot. Article III's "case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . [I]t is not enough that a dispute was very much alive when suit was filed." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Accordingly, a federal court cannot address the merits of a moot claim unless the claim meets "the established exception to mootness for disputes capable of repetition, yet evading review." *Federal Election Comm'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007). This "exception applies where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is reasonable expectation that the same complaining party will be subject to the same action again.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

---

[2] Though plaintiffs must still satisfy the "normal requirements" of standing even when bringing facial challenges, *Mosby v. Ligon*, 418 F.3d 927, 932-33 (8th Cir. 2005), standing is determined at the time the complaint is filed. *Brown v. Medtronic, Inc.*, 619 F. Supp. 2d 646, 649 (D. Minn. 2009) (citing *Nolles v. State Comm. for Reorganization of Sch. Dists.*, 524 F.3d 892, 901 (8th Cir. 2008); *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001)). Phelps-Roper's standing at the time of her Complaint was not challenged and appears to have met the requirements for standing at that time. It should also be noted that Phelps-Roper meets the requirements for standing on her own, and is not dependent upon third-party standing for unnamed plaintiffs.

In this case, Judge Kopf's Order declared that the Flag Mutilation Statute is unconstitutional as applied to "Megan." The Order also permanently enjoined the enforcement of the Flag Mutilation Statute "as applied to *members of her church, the Westboro Baptist Church*, so long as Plaintiff and members of her church otherwise act peacefully while desecrating the American or Nebraska flag during their religiously motivated protests[.]" (Filing No. 124-1 at 3 (emphasis added).) Because enforcement of the Flag Mutilation Statute has been enjoined against all members of the Westboro Baptist Church, it cannot be applied to Phelps-Roper, and this Court cannot afford her any more relief than already has been granted under Judge Kopf's Order. The Court's inability to grant further relief renders Phelps-Roper's facial challenge moot, and the case does not fit within the exception to the mootness doctrine.

## CONCLUSION

Federal courts do not have the power to remove a state law from the statute books. "The binding effect of a federal judgment depends on doctrines of claim and issue preclusion and of precedent." Richard H. Fallon, Jr., *As-Applied and Facial Challenges and Third-Party Standing*, 113 Harvard L. Rev. 1321, 1340 (2000). "[N]either declaratory nor injunctive relief can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975). In other words, "it generally does not matter whether a court purports to hold a statute unconstitutional or merely pronounces that conclusion in ruling on an as-applied challenge." Fallon, *supra* at 1340.

Though the plaintiffs are different, the injunction in Judge Kopf's Order protects the actions of both Megan and Phelps-Roper. A favorable ruling from this Court on Phelps-

Roper's facial challenge would not provide any additional protection to Phelps-Roper's peaceful protest activities. Therefore, Phelps-Roper's facial challenge to the Nebraska Flag Mutilation Statute is moot and will not be addressed by this Court.

IT IS ORDERED: Plaintiff Shirley L. Phelps-Roper's Motion for Reconsideration (Filing No 122) regarding the Court's orders of April 19, 2010 (Filing No. 93), and April 26, 2010 (Filing No. 95) is denied.

DATED this 17th day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge