# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHIRLEY L. PHELPS-ROPER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3268 |
| | ) | |
| V. | ) | |
| | ) | |
| DAVE HEINEMAN, In His Capacity | ) | ORDER |
| as Governor of the State of Nebraska, | ) | |
| JON BRUNING, In His Capacity as | ) | |
| Attorney General of the State of | ) | |
| Nebraska, DONALD KLEINE, In His | ) | |
| Capacity as Douglas County Attorney, | ) | |
| ALEX HAYES, In His Capacity as | ) | |
| Chief of the Omaha Police | ) | |
| Department, and JOHN/JANE | ) | |
| DOE(S), in Their Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Dave Heineman and Jon Bruning (collectively referred to herein as "Defendants") have moved to quash two depositions noticed by Plaintiff Shirley Phelps-Roper ("Plaintiff"). (Filings 180 & 183.) Specifically, Defendants wish to bar the deposition of Nebraska State Senator Bob Krist ("Krist") and the records deposition of Patrick O'Donnell ("O'Donnell"), who is the Clerk of the Nebraska Legislature. Defendants further request a protective order precluding Plaintiff from obtaining discovery from any current or former Nebraska state senator in connection with the subject matter of this litigation. For the reasons explained below, Defendants' motions will be granted, in part.

## BACKGROUND

Plaintiff is a member of the Westboro Baptist Church and, as a member, protests at funerals, including those of United States soldiers. Plaintiff brought this suit challenging the constitutionality of the Nebraska Funeral Picketing Law ("NFPL"), which restricted protests within 300 feet from funerals or burial services.

This case was remanded by the Eighth Circuit Court of Appeals on April 12, 2013, to address Plaintiff's facial and as applied First Amendment challenges to the amended version of the NFPL, which increased the size of the buffer zone from 300 to 500 feet. Plaintiff contends that the amendment was motivated by government hostility toward a specific religious message and that the law was written, enforced and applied in violation of Plaintiff's constitutional rights.  Plaintiff wishes to depose Krist, who introduced LB284, the bill which amended the NFPL.  In particular, Plaintiff wishes to question Krist about statements attributed to him in a newspaper article, as well as his public statements about the legislation.  Plaintiff wants to question O'Donnell regarding the Nebraska legislature's motivation in enacting the 2011 version of the NFPL, as well as the background concerning the passage of the amendment.

## ANALYSIS

Under Fed. R. Civ. P. 45, a district court must quash or modify a subpoena if the subpoena requires the disclosure of privileged matter or subjects a person to undue burden. Fed. R. Civ. P. 45.  "The court need not reach the issue of privilege or burden, however, unless the information sought is discoverable pursuant to Fed. R. Civ. P. 26."  *Sampson v. Schenck*, No. 8:07CV155, 2009 WL 484224, *3 (D. Neb. Feb. 23, 2009).  In other words, a subpoena must seek relevant information.  *See Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 360-62 (8th Cir. 2003).

Having considered the matter, the Court finds that Krist's testimony would not be relevant to this suit.  To the extent that legislative intent is at issue in this case, the examination of such intent should be limited to the official legislative history, which does not include post-enactment opinions from legislators.[1]  *See Weinberger v. Rossi*, 456 U.S. 25, 35 n.15 (1982) ("[T]he contemporaneous remarks of a sponsor of legislation are certainly not controlling in analyzing legislative history").  Krist's testimony would not assist in ascertaining legislative intent because, among other things, it would not reflect the collective

---

[1] Legislative history includes the "background and events leading to the enactment of a statute, including hearings, committee reports, and floor debates." *Hug v. City of Omaha*, 275 Neb. 820, 824, 749 N.W.2d 884, 889 (2008) (quotation omitted).

intent of the legislature in passing the amendment.  *See* *Hug v. City of Omaha*, 275 Neb. 820, 825, 749 N.W.2d 884, 889 (2008) ("One member of a legislature which passes a law is not competent to testify regarding the intent of the legislature in passing that law") (quotation omitted); *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1161 n.3 (1997) ("Generally, the motive or understanding of an individual legislator is not properly received as evidence of [the legislature's] collective intent, even if that legislator was the author of the bill in question").  The legislative intent in amending NFPL cannot be determined by Krist's opinions with respect to the legislature's motive in passing the amendment.

Likewise, the Court will quash the notice of deposition of O'Donnell and the related subpoena to produce documents.  In addition to the official legislative history of LB284,[2] Plaintiff seeks a variety of other materials, including non-testimonial letters and exhibits. Plaintiff's request seemingly includes information from advocates, lobbyists and interested citizens.  The Court finds that other than the official legislative history, the discovery sought is irrelevant to the issues involved in this litigation.  As stated above, the analysis of legislative intent must be limited to the official legislative history, which does not include the opinions of a legislative clerk or outside advocates and lobbyists.  *See* *Dines v. Pac. Ins. Co.*, 78 Haw. 325, 332, 893 P.2d 176, 183 (1995) ("[L]egislative studies by nonmembers of the legislature do not have the probative value of committee reports or debates for purposes of establishing legislative intent"); *Murphy v. Nilsen*, 19 Ore. App. 292, 296, 527 P.2d 736, 738 (1974) (finding "testimony from persons interested in the legislation (possibly lobbyists) . . . is incompetent" for the purpose of determining legislative intent).

Finally, with regard to Defendants' request for a protective order, the Court will deny the request at this time.  The Court is unwilling, at least at this point, to impose a blanket restriction on such discovery.

Accordingly,

**IT IS ORDERED:**

---

[2] Defendants have agreed to produce a certified copy of the official legislative history for LB284, and have represented that they would not object to such records on foundational grounds.

1.      Defendants' Motion to Quash Plaintiff's Notice of Taking Deposition of Senator Bob Krist and for a Protective Order Barring Plaintiff from Obtaining Discovery from any Current or Former Nebraska State Senator (filing 180) is granted, in part.  Plaintiff's notice to depose Senator Bob Krist is quashed. Defendants' request for a protective order is denied.  Such request may be reconsidered, if necessary, at a later time.

2.      Defendants' Motion to Quash Plaintiff's Notice of Taking Records Deposition of Patrick O'Donnell and of Plaintiff's Related Subpoena to Produce Documents (filing 183) is granted.  Defendants shall, however, produce  a certified copy of the official legislative history for LB284 within fourteen (14) days of this Order.

**DATED February 11, 2014.**

                                    **BY THE COURT:**

                                    **S/ F.A. Gossett**
                                    **United States Magistrate Judge**