IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHIRLEY L. PHELPS-ROPER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DONALD KLEINE, in his capacity as Douglas County Attorney; JOHN/JANE DOE(S), in their official capacities; PETE RICKETTS, in his capacity as Governor of the State of Nebraska; DOUG PETERSON, in his capacity as Attorney General of the State of Nebraska; and TODD SCHMADERER,<br><br>　　　　　Defendants. | 4:09CV3268<br><br>MEMORANDUM<br>AND ORDER |

　　　　This matter is before the Court on the Motion in Limine (Filing No. 279) filed by Plaintiff Shirley L. Phelps-Roper ("Phelps-Roper"); the Motion in Limine (Filing No. 281) filed by Defendant Don Kleine ("Kleine"); and the Motions in Limine (Filing No. 283) and for Partial Summary Judgment (Filing No. 285) filed by Defendant Todd Schmaderer ("Schmaderer"). For the reasons discussed below, Phelps-Roper's Motion in Limine will be denied; Kleine's Motion in Limine will be denied; Schmaderer's Motion in Limine will be granted, in part; and Schmaderer's Motion for Partial Summary Judgment will be denied.

BACKGROUND

　　　　On October 30, 2014, this Court denied Phelps-Roper's Motion for Summary Judgment. (Filing No. 258.) The Court determined that it would apply intermediate scrutiny to Phelps-Roper's facial challenge to the amended Nebraska Funeral Picketing Law ("NFPL"), Neb. Rev. Stat. §§ 28-1320.01-1320.03 (Reissue 2008 & Cum. Supp.

2012). (Filing No. 258 at 26-30.) The Court reasoned that the term "targeted," as used in the NFPL, was content neutral because it regulated persons "disrupting or attempting to disrupt a funeral or burial service with speech concerning any topic or viewpoint." (*Id*. (quoting *City of Manchester*, 697 F.3d at 689.).) The Court also held that the NFPL advances a significant government interest: protecting the privacy of grieving families and preserving the peaceful character of funerals, balanced against the rights of protesters and picketers. (Filing No. 258 at 30-31. (citing *City of Manchester*, 697 F.3d at 693.).)

The Court held that several aspects of the NFPL were narrowly tailored, *e.g.,* its restrictions are limited to a defined period of time (Filing No. 258 at 32); it does not attempt to regulate any floating zones such as funeral processions (Filing No. 258 at 32); its restrictions are limited to specific events rather than locations, so protesters can protest at the locations outside the regulated window of time (Filing No. 258 at 32); and the protest activities addressed by the NFPL were capable of definition (Filing No. 258 at 33). The Court also held that the amended NFPL was neither vague nor overbroad. (Filing No. 258 at 33.)

Remaining before the Court for determination at trial on Phelps-Roper's facial challenge is whether the State's significant governmental interest in protecting mourners at a funeral justifies a 500-foot buffer zone, and whether the amended NFPL leaves ample alternative channels for communication. The Court also must determine whether the amended NFPL has been unconstitutionally applied to Phelps-Roper.

**DISCUSSION**

**1.      Motions in Limine Regarding Picketing Events Prior to August 2011**

The Motions in Limine filed by Phelps-Roper and Schmaderer request the Court to rule on the admissibility of evidence of Phelps-Roper's picketing activity prior to August 2011. Phelps-Roper argues that the Court should consider evidence of events prior to August 2011 in considering her as-applied challenges because the events show a pattern of application of the law. Phelps-Roper also argues that pre-2011 events tend to demonstrate there is no legitimate state interest in a 500-foot buffer zone. The Court considers each argument.

   ***a.      Consideration of Pre-2011 Events in As-Applied Challenge***

In its order remanding this case, the Eighth Circuit instructed the Court "to consider Phelps–Roper's facial and as applied First Amendment challenges to the amended NFPL." *Phelps-Roper v. Troutman*, 712 F.3d 412, 417 (8th Cir. 2013). The Eighth Circuit noted that "[t]he record . . . has not been developed as to whether and, if so, how the amended statute has been applied after August 2011." *Id*. For these reasons, the Eighth Circuit concluded "that the better course is to afford the district court an opportunity to make appropriate findings of fact and conclusions of law before evaluating the validity of the *new statute*." *Id*. (emphasis added). Phelps-Roper notes that the Eighth Circuit stated that the "district court may consider all of the evidence concerning application of the NFPL in resolving the as applied challenge." *Id*.

As to Phelps-Roper's argument regarding pre-August 2011 events and her as-applied challenge, the Court disagrees that application of the previous NFPL will show a "pattern of application of the law." (Pl's. Br., Filing No. 279 at 2.) The "law" that Phelps-

3

Roper references is the amended NFPL. Phelps-Roper does not seek damages based upon previous versions of the NFPL and only seeks declaratory and injunctive relief regarding application of the amended NFPL. (Third Amended Compl., Filing No. 153 at 30-31.) Any declaratory or injunctive relief must necessarily concern application of the current NFPL. Consideration of events prior to August 2011[1] would fall outside the Eighth Circuit's instruction that the Court must determine "whether and, if so, how the amended statute has been applied after August 2011." *Troutman*, 712 F.3d at 417.

### b.   *Consideration of Pre-2011 Events in Facial Challenge*

Facts regarding events prior to August 2011 may be relevant to Phelps-Roper's claim that the NFPL is not narrowly tailored, and fails to leave ample alternative channels of communication. For example, Phelps-Roper has indicated in her trial brief that evidence of her protesting activity, including protests prior to August 2011, will show empirically that the State's safety concerns do not justify a 500-foot buffer zone. *See Survivors Network of Those Abused by Priests, Inc. ("SNAP") v. Joyce*, No. 13-3036, 2015 WL 1003121, at *8 (8th Cir. Mar. 9, 2015) (considering the lack of any evidence that plaintiffs actually disrupted a church service in evaluating the constitutionality of a ban on profane speech near places of worship).[2] Accordingly, Phelps-Roper will not be

---

[1] Phelps-Roper notes that the Court listed and described pre-2011 events in its Memorandum and Order of October 30, 2014. The Court notes that it did not need consider these events in reaching its prior decision, nor was it asked to consider the admissibility of these events at trial.

[2] The Court recognizes that the statute at issue in *SNAP v. Joyce* was content based and evaluated under a higher level of scrutiny. The Court also recognizes that "courts 'must accord substantial deference to the predictive judgments' of legislative authorities." *Kitchen v. Herbert*, 755 F.3d 1193, 1223 (10th Cir.) *cert. denied*, 135 S. Ct. 265 (2014) (quoting *Turner Broad. Sys., Inc. v. FCC*, 520 U.S. 180, 195 (1997)). "But even under more relaxed forms of scrutiny, a challenged classification "must find some footing in the realities of the subject addressed by the legislation" based on a "reasonably conceivable state of facts." (quoting *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 320, 321 (1993)). Phelps-Roper's

precluded, in limine, from presenting evidence of protest activities prior to August 2011, so long as that evidence relates to her facial challenge to the NFPL.[3]

The State argues that permitting Phelps-Roper to reference activities prior to August 2011 will significantly lengthen the trial. While this is not a justification on its own to exclude relevant evidence, the Court is mindful of judicial economy and the parties' time and resources. Accordingly, at the commencement of trial, the Court will entertain an offer of proof by Plaintiff as to testimony concerning events prior to August 2011, to determine whether the expected testimony will be relevant to Phelps-Roper's facial challenge. The Court's ruling herein is without prejudice to reassertion of objections by the Defendants at the time of trial.

**2.   Phelps-Roper's Statement of Uncontroverted Facts**

Phelps-Roper seeks an order that her proposed statement of uncontroverted facts as set forth in the Order on Final Pretrial Conference (Filing No. 278 at 10-16) be deemed uncontroverted for purposes of trial. The Court recognizes that Phelps-Roper's proposed statement of uncontroverted facts largely tracks the Court's statement of facts contained in its Memorandum and Order on Phelps-Roper's Motion for Summary Judgment (Filing No. 258). In its Memorandum and Order, the Court necessarily identified the facts that were not in dispute at the time of the Motion for Summary Judgment, solely for purposes of deciding that Motion. The Court's findings were not

---

arguments regarding pre-August 2011 protest activities may be relevant to challenging the State's reasonably conceivable set of facts that purport to justify a 500 foot buffer zone.

[3] Phelps-Roper asked the Court to clarify whether it would "consider events before the August 2011 amendment to the [NFPL] on plaintiff's as-applied challenge?" (Filing No. 279 at 1.) Although the Court will not preclude evidence of picketing activity prior to August 2011 related to Phelps-Roper's facial challenge, the Court will deny Phelps-Roper's Motion in Limine.

based on credibility determinations, nor did it weigh the evidence in reaching its decision. Accordingly, while the Court appreciates Phelps-Roper's efforts to narrow and streamline the issues, it will not deem her proposed statement of facts as uncontroverted for purposes of trial.

**3.    Kleine's Motion in Limine**

Kleine argues that he is not a necessary party and should be dismissed from the case entirely. He states that although he has a duty to prosecute criminal actions on behalf of the State of Nebraska under Neb. Rev. Stat. § 23-1201 (Reissue 2008), Douglas County has an agreement with the City of Omaha that the City will prosecute non-domestic violence misdemeanor offenses such as the NFPL. Kleine's Motion in Limine is in the nature of a motion to dismiss or a motion for summary judgment, and untimely. The deadline for filing motions for summary judgment was May 23, 2014. Phelps-Roper's interest in obtaining declaratory and injunctive applies to Kleine as well as the other named Defendants, because Nebraska statutes authorize Kleine to prosecute criminal actions including those arising under the NFPL, regardless of Douglas County's agreement with the City of Omaha. Accordingly, the Court will not dismiss Kleine at this late stage of the proceedings.

**4.    Schmaderer's Motion in Limine**

Having addressed Schmaderer's request to exclude pre-2011 events, the Court turns to the remaining issues in his Motion in Limine. Schmaderer first seeks to exclude evidence of any funeral picket that occurred outside of Omaha, Nebraska. The Court will not exclude such evidence. The Governor and Attorney General of the State of

Nebraska are still parties to this lawsuit, and events outside of Omaha are relevant to Phelps-Roper's facial and as-applied challenges to the NFPL.

Schmaderer next seeks to exclude as irrelevant evidence of events that Phelps-Roper did not personally attend. Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Phelps-Roper argues that evidence of events she did not attend is relevant to the pattern of application of the NFPL to members of the Westboro Baptist Church ("WBC"). In proving her as-applied challenge, Phelps-Roper must demonstrate "a pattern of unlawful favoritism." *Thomas v. Chicago Park Dist.*, 534 U.S. 316, 325 (2002). At this stage, the Court concludes that evidence of how the NFPL was applied to other WBC members may be relevant to Phelps-Roper's claim. Accordingly, Schmaderer's Motion in Limine will be denied, without prejudice to reassertion based upon the evidence adduced at trial.

5. **Schmaderer's Motion for Partial Summary Judgment**

Schmaderer submitted a Motion for Partial Summary Judgment, seeking a declaration that the NFPL is not overbroad or vague, is neutral on its face, advances a significant government interest, and is narrowly tailored in several respects. The Court will deny Schmaderer's Motion as untimely. The Court notes that it has addressed several of these issues in the Court's earlier Memorandum and Order (Filing No. 258).

Accordingly,

IT IS ORDERED:

1. The Motion in Limine (Filing No. 279), filed by Plaintiff Shirley L. Phelps-Roper, is denied;

2. The Motion in Limine (Filing No. 281), filed by Defendant Don Kleine, is denied;

3. The Motion in Limine (Filing No. 283), filed by Defendant Todd Schmaderer is granted, in part, as follows:

    a. Phelps-Roper is precluded, in limine, from presenting any evidence of events of picketing or protest activities involving Phelps-Roper or the Westboro Baptist Church in Nebraska prior to August 2011, as such evidence relates to Phelps-Roper's as applied challenge to the NFPL;

    b. The Motion is otherwise denied, without prejudice; and

4. The Motion for Partial Summary Judgment (Filing No. 285), filed by Defendant Todd Schmaderer, is denied.

Dated this 13th day of March, 2015

BY THE COURT:

s/Laurie Smith Camp  
Chief United States District Judge
